**STATE FARM INDEMNITY, Plaintiff,**

v.

**Carmine FORNARO, Jr., Defendant.**

**Monmouth Ocean Collection Services, Inc., Assignee of Vincent Vicci, Jr., D.O., Plaintiffs,**

v.

**Carmine Fornaro, Jr. & Spouse, Maria Fornaro, Defendants, Third Party Plaintiffs,**

v.

**State Farm Mutual Automobile Insurance Company, New Jersey Auto Division, d/b/a State Farm Indemnity Company,**

and

**United States Office of Personnel Management, (a Federal Government Agency), Horizon Blue Cross and Blue Shield of New Jersey, Administrators for the Federal Government Employee Health Benefits Program, Third Party Defendants.**

**Nos. Civ.A. 02–2019, Civ.A. 02–2020.**

United States District Court, D. New Jersey.

Aug. 19, 2002.

Order Amending Order of Dismissal, Aug. 26, 2002.

Raymond R. Connell, Dwyer, Connell & Lisbona, Fairfield, NJ, Alan Richard Lebowitz, Maloof, Lebowitz, Connahan & Oleske, Chatham, NJ, for State Farm Indem. Co.

Bart A. Chase, Summite, NJ, for Monmouth Ocean Collection Services.

Carmine Fornaro, Long Valley, NJ, pro se.

## OPINION & ORDER

HAYDEN, District Judge.

This matter comes before the Court on the objections of Carmine Fornaro, filed in response to the Report and Recommendation (R & R) of Magistrate Judge Hedges dated June 13, 2002. On April 29, 2002, Carmine Fornaro removed the lawsuit filed against him by State Farm Indemnity, et al., Civil Action No. 02–2019, from the New Jersey Superior Court Law Division to this Court. On the same date, Fornaro and Maria Fornaro also removed a suit filed against them in state court by Monmouth Ocean Collection Services, Inc., Civil Action No. 02–2020.

This Court's review of the R & R and the objections to it is governed by Local Civil Rule 72.1(a)(2) and 72.1(c)(2), which provides that the Court "shall make a *de novo* determination of those portions [of the R & R] to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The Judge, however, need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L.Civ.R. 72.1(c)(2); *Zinberg v. Washington Bancorp., Inc.,* 138 F.R.D. 397, 401 (D.N.J. 1990) (holding that the court makes a *de novo* review of the parts of the report to which the parties object); *see also MAGI-Corp. v. Kinetic Presentations, Inc.,* 718 F.Supp. 334, 335 (D.N.J.1989).

In a well reasoned opinion, Judge Hedges determined that an examination of the two state complaints revealed no diversity jurisdiction, and that as a result, removal must be based on a federal question. (R & R at 11.) Judge Hedges then determined that there was neither a federal question presented on the face of the Complaint, nor was there Congressional preemption based on the Federal Employees Health Benefits Act of any claim raised in the Complaint. (Id. at 11–12). He also found that the presence of OPM as a third-party defendant does not establish subject matter jurisdiction and does not give rise to a removable federal question. Finally, Judge Hedges found that defendants' reliance on the entire controversy doctrine for the existence of subject matter jurisdiction is misplaced. Significantly, he characterized the thrust of the removal as follows:

What Fornaro is attempting to do is to have this Court review the final judgment of the New Jersey Supreme Court which denied review of the February 3,

1995, order that relieved State Farm of its obligation to pay PIP benefits to him. This Court does not have subject matter jurisdiction to do so. For that reason, and regardless of any other jurisdictional basis, these consolidated civil actions should be remanded.

(R & R at 20.)

In his objections, Fornaro cites to the United States Constitution, multiple sections of the United States Code, the Code of Federal Regulations, the Federal Rules of Civil Procedure, "Federal Contracts," and Supreme Court and state court precedents.

It is clear that Judge Hedges's "take" on the removal is accurate: defendants want this Court to undo actions of the state courts based on principles that simply do not confer requisite jurisdiction.

The Court adopts Judge Hedges's findings that this Court does not have diversity jurisdiction, federal question jurisdiction or subject matter jurisdiction over these consolidated matters, and accordingly accepts Judge Hedges's recommendation that Civil Action No. 02–2019 be remanded to the Superior Court of New Jersey, Law Division, Morris County, and Civil Action No. 02–2020 be remanded to the Superior Court of New Jersey, Law Division, Special Civil Part, Morris County. Both Civil Action Nos. 02–2019 and 02–2020 are **dismissed.**

**SO ORDERED.**

**Order Amending Order of Dismissal**

This Court having entered an Order dated August 16, 2002, that in part dismissed the Complaints bearing Civil Action No. 02–2019 and Civil Action No. 02–2020; said dismissal having been entered in error; and good cause appearing, it is on this 26th day of August, 2002 hereby

**ORDERED** that said complaints are **not dismissed** and are, as ordered previously, **remanded** to the Superior Court of New Jersey.

## REPORT AND RECOMMENDATION

### INTRODUCTION

HEDGES, United States Magistrate Judge.

These two civil actions were removed from the Superior Court of New Jersey on April 29, 2002. On May 1, 2002, I issued a Letter–Order and Order to Show Cause. I consolidated both civil actions for all purposes. I also directed the removing parties to show cause why both civil actions should not be remanded to the Superior Court of New Jersey.

I entertained oral argument on May 28, 2002. I have also considered the letter brief of defendant Carmine Fornaro, Jr. ("Fornaro"), submitted on May 7, 2002, and his "Outline for Hearing Presentation" submitted on May 28, 2002 ("Outline").[1]

 Throughout this Report and Recommendation two considerations should be borne in mind. First, federal courts have a duty to "examine their subject matter jurisdiction at all stages of the litigation sua sponte if the parties fail to raise the issue. That obligation extends to removal cases, as well as to those originally filed in the district courts." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388–89 (3d

---

1. I filed the May 7th letter brief with the Clerk on May 7, 2002. Bound separately from the letter brief was a document captioned, "Appendix," together with two sets of exhibits identified on the cover pages as Exhibit "A" and Exhibit "R." I will have these three documents filed with the Clerk with the filing of this Report and Recommendation. As to the May 28th Outline, I will also have that filed with the Clerk with the filing of this Report and Recommendation.

Cir.2002). Second, these civil actions have been consolidated. "Consolidated cases typically are heard together; however, they are not necessarily merged forever and for all purposes." *Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.,* 999 F.2d 745, 750 (3d Cir.1993). The consolidated civil actions *sub judice* should be considered separately for jurisdictional purposes. *See Bradgate Associates, Inc.,* 999 F.2d at 750–51.

## DISCUSSION

*The Pleadings.*

### Civil Action No. 02–2019

There may be some confusion in the captions of these civil actions. My intent here is to clarify the identity of the parties.

In Civil Action No. 02–2019, a Verified Complaint was filed with the Superior Court of New Jersey, Law Division, Morris County, on October 15, 2001, by plaintiff State Farm Indemnity Company ("State Farm"). The only named defendant is Fornaro. Appendix B, Petition for Removal.

On March 11, 2002, a Final Judgment on Order to Show Cause was filed with Judge Christine L. Miniman (attached). At the time of the filing of this judgment, the only parties were State Farm and Fornaro.

On April 15, 2002, Fornaro filed a Notice of Motion with the Morris County Clerk. Exhibit B, May 7th Letter Brief. Among other things, Fornaro sought to add the United States Office of Personnel Management ("OPM") and Horizon Blue Cross and Blue Shield of New Jersey ("Horizon") as third-party defendants. The motion was never ruled on by the Superior Court.

Plaintiff's April 15th motion also bears the caption of a proceeding before the American Arbitration Association which Fornaro commenced and which was the subject of the Verified Complaint filed by State Farm. The March 11th judgment of Judge Miniman permanently enjoined Fornaro "from participating in or requesting arbitration of any PIP claims. \*\*\*." Thus, as of the date of the removal of Civil Action No. 02–2019, the only parties were State Farm and Fornaro.

### Civil Action No. 02–2020

Civil Action No. 02–2020 stands in a different procedural posture. The plaintiff, Monmouth Ocean Collection Service, Inc. ("Monmouth"), brought suit against Fornaro and his wife, Maria Fornaro, in the Superior Court of New Jersey, Law Division, Special Civil Part, Morris County. I cannot ascertain the date of filing of the Complaint from the removal papers. However, Fornaro and his wife allege that they were served with a summons and a copy of the Complaint on or about February 22, 2002. Paragraph 2, Petition for Removal.

The Complaint contains four counts and seeks collection of a sum allegedly due from Fornaro and his wife to Monmouth as the assignee of Vincent Vicci, Jr., D.O. The removal papers do not include the Answer presumably filed by Fornaro and his wife. However, the pleadings indicate that Fornaro and his wife filed a Third–Party Complaint. The third-party defendants identified in the papers are State Farm, OPM and Horizon.

Proceedings in Special Civil Part are governed by New Jersey Civil Practice Rule ("*R.*") 6:1–1 *et seq. R.* 6:3–1 makes applicable in Special Civil Part the Superior Court rules governing, among other things, pleadings. *See* Comment 1 to *R.* 6:3–1, Pressler, *Current NJ Court Rules* at 2071 (2002). *R.* 4:8 governs third-party practice. *R.* 4:8–1(a) provides that,

> a defendant, as third-party plaintiff, may file and serve a summons and third-party complaint, together with a copy of

plaintiff's complaint, upon a person not a party to the action who is or may be liable to defendant for all or part of the plaintiff's claim against defendant and may also assert any claim which defendant has against the third-party defendant involving a common question of law or fact arising out of the same transaction or series of transactions as the plaintiff's claim. ***

I will assume for the purpose of this Report and Recommendation that Fornaro and his wife timely filed and served the Third–Party Complaint against State Farm, OPM and Horizon. This would be consistent with a motion made by Horizon on or about April 11, 2002, to dismiss the Third–Party Complaint as against it. The Third–Party Complaint is not included in the removal papers.

\* \* \* \* \* \*

OPM was a party in Civil Action No. 02–2020 as of the time of removal, as was Horizon. Neither OPM nor Horizon were parties in Civil Action No. 02–2019 at that time. When Fornaro appeared before me on May 28th he suggested that OPM and Horizon should be joined in Civil Action No. 02–2019 pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party

plaintiff must obtain leave on motion upon notice to all parties to the action. Rule 14(a) is of no assistance to Fornaro. Fornaro moved for leave to join OPM and Horizon while Civil Action No. 02–2019 was pending in the Superior Court. I need not engage in extensive discussion of the procedural aspects of Rule 14(a). Suffice it to say that Fornaro has not shown any basis whatsoever which would permit him to file a Third–Party Complaint in this Court as a matter of right and he has *not* secured leave of this Court to do so.

*Prior Proceedings.*

The long and unhappy history of this litigation commenced on December 28, 1993, when Fornaro was involved in a motor vehicle accident. On June 24, 1994, State Farm commenced a civil action against Fornaro in the Superior Court of New Jersey to compel Fornaro to submit to an independent medical examination. On February 3, 1995, an order was issued which, "among other things, ordered defendant [Fornaro] to appear for a physical examination *** and, because defendant failed to do so, relieved plaintiff [State Farm] from continuing to pay personal injury protection (PIP) benefits" arising out of the accident. Superior Court of New Jersey, Appellate Division, decision of October 13, 1998 at 1–2 (attached) [2]. After this February 3, 1995 order was issued, "defendant filed a motion for reconsideration. That motion was denied as untimely. The Defendant applied to this court. We dismissed the appeal without consideration of the merits as being filed out of time. In July 1997, two and one-half years after the February 3, 1995 order, defendant moved for relief under *R.* 4:50–1(f)." Appellate Division decision at 3. That motion for relief was denied by the Law Division and plaintiff appealed a second time to the

---

**2.** The February 3, 1995, Law Division order is also attached.

Appellate Division. Although the Appellate Division disagreed with the conclusion of the Law Division judge that the latter had no jurisdiction to consider Fornaro's motion for relief, the Appellate Division affirmed the Law Division's denial of the motion on the merits. The Appellate Division concluded:

Defendant was appealing from an order that was in part the result of an agreement between counsel. We must keep in mind that the sole purpose of the underlying action was to compel defendant to submit to a medical exam. For five years he has refused to do so. We cannot allow the appellate courts to become an accessory to his obstinate conduct. It is time for this litigation to end. [Appellate Division decision at 4].

Fornaro petitioned for certification to the New Jersey Supreme Court. Fornaro's petition was denied on February 16, 1999. *State Farm Insurance Company v. Fornaro*, 158 N.J. 72, 726 A.2d 936 (1999). Fornaro then moved for reconsideration, to expand the record, and for counsel fees. These motions were denied by the New Jersey Supreme Court on July 6, 1999. It appears that Fornaro again moved for reconsideration before the New Jersey Supreme Court, which motion was denied on February 22, 2000.

Plaintiff then sought review before the United States Supreme Court. On June 19, 2000, Fornaro was advised by the Office of the Clerk of the Supreme Court that Justice Souter had granted Fornaro's application for an extension of time within which to file a petition for a writ of certiorari. On October 30, 2000, the Supreme Court denied Fornaro's motion to direct the Clerk to file the petition out of time. *Fornaro v. State Farm Insurance Co.*, 531 U.S. 955, 121 S.Ct. 376, 148 L.Ed.2d 290 (2000).

As noted above, the Verified Complaint in Civil Action No. 02-2019 was filed with the Superior Court of New Jersey on October 15, 2001. It appears from the Verified Complaint that, in January of 1996, Fornaro filed a demand for arbitration with the American Arbitration Association ("AAA"). Paragraph 23, Verified Complaint. It also appears from the Verified Complaint that, on more than one occasion, Fornaro sought to proceed before the AAA on the question of his entitlement to PIP benefits, which benefits State Farm had been relieved from paying pursuant to the February 3, 1995, order.

*The Role of OPM and Horizon.*

OPM and Horizon figure prominently in these consolidated civil actions (at least according to Fornaro). As noted above, I do not have the Third–Party Complaint in Civil Action No. 02-2020. However, attached hereto is what I assume to be the proposed Third–Party Complaint in Civil Action No. 02-2019. It appears from this proposed pleading that Fornaro has no demand for relief against OPM or Horizon. Instead, Fornaro contends that he is a beneficiary of a contract entered into between Horizon and OPM and that these entities should be joined as parties.[3]

In Civil Action No. 02-2019, while Fornaro's second appeal was pending before the Appellate Division, Horizon moved for leave to appear as an *amicus curiae.* In its motion, Horizon recited the following:

1. Blue Cross and Blue Shield of New Jersey, '(Blue Cross)' as administrators of the Federal Employee Benefits Program '(FEP)' for Beneficiaries residing in the state of New Jersey, files this motion to assert its interest, and the

---

**3.** Presumably, the Third–Party Complaint in Civil Action No. 02-2020 demands indemnification for any sum for which Fornaro and his wife might be held to be liable to Monmouth.

public interest regarding the subrogation interests of employee health plans.

2. If it is found, as alleged, that the injuries for which Mr. Fornaro received treatment were a result of an auto accident covered by his policy with State Farm then State Farm must reimburse Blue Cross for all previous payments made to health care providers which arise as a result of, or, are in any way related to, Mr. Fornaro's auto accident.

3. As a federal employee, employed by Immigration and Naturalization Services, Mr. Fornaro's health program is a Federal Employee Benefits Program administered through Blue Cross Blue Shield of New Jersey. Pursuant to the Federal Employee Benefits Act, and interpretive case law, a federal employee health insurance program dictates the order of the payment of benefits, which order supersedes any potentially contrary state law.

4. The FEP program contains both a coordination of benefits as well as a subrogation provision under the coordination provision if another insurer is primarily liable for medical claims incurred by a beneficiary then the FEP program will only provide benefits in excess of the primary insurer, or where primary coverage is not provided.

5. The program also includes a subrogation provision which provides that if any other person or entity is determined to be liable for medical benefits provided then the FEP program has the right to be reimbursed from such responsible person or entity.

6. ***.

7. State Farm's refusal to reimburse Mr. Fornaro's medical care providers has forced Blue Cross, the administrator of Mr. Fornaro's medical coverage through a Federal Employee Benefits Program, to pay for Mr. Fornaro's medical care.

8. As Mr. Fornaro's injuries arose from an auto accident State Farm, Mr. Fornaro's automobile insurer, is primarily liable for all of Mr. Fornaro's medical expenses, and should therefore reimburse Blue Cross for past medical expenses and pay all future medical costs incurred by Mr. Fornaro.

State Farm's motion for leave to appear as *amicus curiae* was denied by the Appellate Division on August 24, 1998.

The relationship between OPM, Horizon and Fornaro was also discussed in Horizon's motion to dismiss the Third–Party Complaint in Civil Action No. 02–2020. Among other things, the attorney certification submitted in support of the motion alleged the following:

2. The Defendant/Third–Party Plaintiff, Carmine Fornaro, Jr., is supplied with health benefits through the Federal Employee Health Benefits Program, by virtue of being a 'federal employee'.

3. The Blue Cross and Blue Shield Association, on behalf of the Blue Cross and Blue Shield Plans, entered into contract with the Office of Personnel Management ('OPM') of the United States Government to provide a health benefit plan authorized by the Federal Employees Health Benefits (FEHB) Act.

4. Horizon is a member of the Blue Cross and Blue Shield Association and acts as the local servicing plan for New Jersey FEHB enrollees, such as Carmine Fornaro, Jr.

5. In the instant action, Third–Party Plaintiff is attempting to obtain payment for benefits allegedly rendered by Vincent Vicci, D.O.

Included among Fornaro's submissions is a letter to him from an attorney dated March 30, 1999. This letter, which is attached, states Horizon's subrogation right

might be in excess of $100,000 and proposed a contingent fee agreement for any attorney who Fornaro might retain to recover monies from (presumably) State Farm.

*Fornaro's Bases For Removal.*

Fornaro, in the Petition for Removal in Civil Action No. 02–2019, states that "jurisdiction *** is not based on 28 U.S.C. 1332." Paragraph 7, Petition for Removal[4]. Paragraph 9 of the petition recites that, "[t]he petitioner *** was denied Due Process and Equal Protection under the laws; inasmuch as this matter has original jurisdiction provided three (3) United States Codes and the parties are all active participants required in the same Forum under the Doctrine of Entire Controversy." The removal petition in civil action No. 02–2020 is essentially identical in alleging the existence of a federal question. Paragraphs 11 and 12, Petition for Removal.

Plaintiff's letter brief of May 7th argues that subject matter jurisdiction arises from 28 U.S.C. §§ 1331, 1442 and 1448. Plaintiff also relies on 5 CFR 890.107(b)–(d). Paragraph 17(d), May 7th letter brief.[5]

*The Blackletter Law of Removal.*

■ Removal statutes should be strictly construed and any doubts should be resolved in favor of remand. *Weinstein v. Paul Revere Ins. Co.*, 15 F.Supp.2d 552, 555 (D.N.J.1998). Only those actions that could have originally been brought in federal court may be removed. 28 U.S.C. § 1441; *see Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–

28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). If it appears at any time before final judgment that the action was not properly removed, the district court must remand it to the State court from which it was removed. 28 U.S.C. § 1447(c). The burden of establishing the existence of subject matter jurisdiction falls on the removing party. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991).

There are various sources of original jurisdiction in federal courts, including federal question jurisdiction arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C. § 1332, and jurisdiction under specific jurisdictional statutes. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 784 (3d Cir.1995). Examination of the two State Complaints before the Court reveals that there is no diversity jurisdiction. Therefore, removal must be based on a federal question. 28 U.S.C. §§ 1331, 1441(b).

■ Removal on the basis of federal question jurisdiction "generally requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995); *see Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989). The "well-pleaded complaint rule" allows a plaintiff to avoid federal jurisdiction by relying exclusively on State law when asserting claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386,

---

**4.** Fornaro did raise the existence of diversity jurisdiction in his May 28th Outline. I will address this below.

**5.** Fornaro also cites Rule 81(c) of the Federal Rules of Civil Procedure. This rule, which governs procedure on removal from State

courts, neither addresses nor confers subject matter jurisdiction.

In the May 28th Outline, Fornaro also recited that OPM is a federal agency and that, pursuant to 5 U.S.C. § 8912, this Court has exclusive jurisdiction. I will discuss this below.

392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Based on this rule, removal may not occur on the basis of a federal defense, including the defense of preemption, despite the fact that plaintiff anticipated the defense and although the defense may be the only question truly at issue in the case. *Franchise Tax Bd.*, 463 U.S. at 14, 103 S.Ct. 2841; *see In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir.1999), *cert. denied,* 530 U.S. 1242, 120 S.Ct. 2687, 147 L.Ed.2d 960 (2000).

▮▮▮ An exception to the well-pleaded complaint rule is the "complete preemption doctrine." This provides that, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *see Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306, 310–11 (3d Cir.1994), *cert. denied,* 514 U.S. 1063, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995). This preemptive force is so powerful that it entirely displaces any State law cause of action that would provide a proper cause of action in the absence of the federal statute. *Franchise Tax Bd.*, 463 U.S. at 23, 103 S.Ct. 2841.

Fornaro alleges in the removal petitions that he was denied due process and equal protection. Plainly, these are federal defenses based on the Constitution. However, as the above discussion makes clear, a State case does not become removable merely because a federal defense has been asserted. Fornaro must have another basis for removal.

*The Federal Employee Health Benefits Act.*

▮▮▮ Fornaro is a retired federal employee. He is afforded health benefits through the Federal Employees Health Benefits Program ("FEHBP"), which is governed by the Federal Employees Health Benefits Act ("the Act"), 5 U.S.C. 8901 *et. seq.* Under the Act, OPM is authorized to contract with insurers to provide benefits to FEHBP participants. 5 U.S.C. § 8902(a). Insurers which seek to participate in the FEHBP must be approved by OPM and enter into contracts with it. 5 U.S.C. § 8902. The Act requires that, to participate in the FEHBP, insurers "must agree to be bound by OPM's interpretation of their contracts in disputes over individual claims." *Kennedy v. Empire Blue Cross and Blue Shield,* 989 F.2d 588, 590 (2d Cir.1993) (reviewing 5 U.S.C. § 8902(j)).

5 U.S.C. § 8913(a) provides that OPM "may prescribe regulations necessary to carry out this chapter." Pursuant to this statutory authority, OPM has issued regulations which, among other things, address disputed claims. 5 C.F.R. § 890.105 addresses "[f]iling claims for payment or service." 5 C.F.R. § 890.105(a) states:

(a) General. (1) Each health benefits carrier resolves claims filed under the plan. All health benefits claims must be submitted initially to the carrier of the covered individual's health benefits plan. If the carrier denies a claim (or a portion of a claim), the covered individual may ask the carrier to reconsider its denial. If the carrier affirms its denial or fails to respond as required by paragraph (c) of this section, the covered individual may ask OPM to review the claim. *A covered individual must exhaust both the carrier and OPM review processes specified in this section before seeking judicial review of the denied claim.* [emphasis added].

Review of a disputed claim by OPM is governed by 5 C.F.R. § 890.105(e).

5 U.S.C. § 8912 provides that, "(t)he district courts of the United States have original jurisdiction, concurrent with the

United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." OPM has interpreted the Act as to require a participant to exhaust "the carrier and OPM review processes" before judicial review can be obtained. 5 C.F.R. § 890.105(a); *see* 5 C.F.R. § 890.107(d). OPM has also interpreted the Act to limit judicial review of an insurer's claims decision:

> A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim. *A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors.* The recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute. [5 C.F.R. 890.107(c) (emphasis added)].

Fornaro relies on the Act.

Neither of the State complaints in these consolidated civil actions make reference to or rely on the Act. Moreover, I do not have either of Fornaro's (presumably) State-filed answers included in any of his voluminous submissions. Liberally construing his pleadings and submissions, Fornaro makes two arguments with regard to the Act: First, the Act creates a federal question based on the complete preemption doctrine and thus justifies removal. Second, naming OPM (and, presumably, Horizon) as third-party defendants allows removal. Both arguments are without merit.

I have discussed the complete preemption doctrine above. I need not undertake a detailed analysis of the Act in the context of the doctrine as the Court of Appeals has already done so in *Goepel v. National Postal Mail Handlers Union, supra.*

The plaintiffs in *Goepel* were enrolled in a health benefits plan under the Act. They brought suit in the Superior Court of New Jersey after the plan denied coverage for certain treatment. 36 F.3d at 307–08. The plan removed the case to this Court. A motion to remand was then denied by this Court, which held that "the case was removable *** because the matter was one 'arising under' the laws of the United States." 36 F.3d at 309 (quoting district court opinion). The case went to trial and, after judgment was entered against the plan, an appeal came before the Court of Appeals.

The Court of Appeals held that there was no subject matter jurisdiction and remanded the case to the District Court with instructions to remand to State court. Noting that the State complaint did not raise a federal question on its face, the Court of Appeals considered whether the Act gave rise to complete preemption. Reviewing the Act, the Court of Appeals concluded that the Act "does not create a cause of action vindicating a beneficiary's interest in securing his or her benefits under a plan." 36 F.3d at 312, and that, accordingly, the plaintiffs' State cause of action to recover plan benefits could not be "recharacterized" as federal claims. 36 F.3d at 312–13.

*Goepel* is controlling. There is no complete preemption. There is no federal question presented by either State complaint.[6]

\* \* \* \* \* \*

---

6. Even assuming that there was complete preemption, Fornaro and his wife would be required to exhaust their administrative remedies before they could seek judicial review of any decision by OPM. *See, e.g., Kennedy v. Empire Blue Cross and Blue Shield. supra,* 989 F.2d at 592–94. There is no evidence that Fornaro and his wife have exhausted "the

■ Fornaro also relies on the presence of OPM as a third-party defendant to establish subject matter jurisdiction. Of course, as noted above, OPM is only a party in Civil Action No. 02–2020. It is not a party to Civil Action No. 02–2019. Accordingly, Fornaro's reliance on the presence of OPM cannot be considered in the latter.

Assuming that the presence of OPM in Civil Action No. 02–2020 gives rise to a removable federal question (and it does *not*), can a third-party case (and, with it, an entire case) be removed? The short answer is "no", for the reasons which I set forth in *Monmouth–Ocean Collection Service, Inc. v. Klor*, 46 F.Supp.2d 385 (D.N.J. 1999).

*Diversity Jurisdiction.*

■ Neither State complaint demonstrates the existence of diversity of citizenship within the meaning of 28 U.S.C. § 1332(a)(1): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." Under Section 1332 and 28 U.S.C. § 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

State Farm's Verified Complaint in Civil Action No. 02–2019 recites that it has offices in one county, is "principally located" in another, and is licensed to do business in New Jersey. Paragraph 1, First Count, Verified Complaint. There is no reference to State Farm's state of incorporation. However, if the reference to State Farm being "principally located" in New Jersey

is construed to be to its principal place of business, then there cannot be diversity of citizenship as Fornaro is a citizen or domiciliary of New Jersey. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Perhaps in recognition of this Fornaro did not rely on diversity as a basis for removal in Civil Action No. 02–2019 (Paragraph 7, Petition for Removal).

Likewise, Civil Action No. 02–2020 was not removable under Section 1332(a)(1). Monmouth identified itself in the Complaint as "residing" in New Jersey. Thus, whether or not Monmouth is a corporation, there cannot be diversity of citizenship between it and Fornaro. Moreover, the Complaint seeks far less ($2,834.60 in principal) than the $75,000 minimum amount in controversy requirement. Again, perhaps in recognition of these jurisdictional facts, Fornaro and his wife did not remove Civil Action No. 02–2020 on diversity grounds. Paragraph 12, Petition for Removal.

In his Outline, Fornaro raised for the first time the purported existence of diversity of citizenship between State Farm and himself:

There is diversity of citizenship between the parties, as I am a resident of the State of New Jersey and State Farm Mutual Automobile Insurance Company, New Jersey Auto Division, d/b/a State Farm Indemnity Company, my Primary Auto Insurance Carrier is an Illinois based Corporation. [Outline at 2].

I need not address this argument, however, as it is "too little, too late."

A notice of removal may be amended freely by a defendant before the expiration of the thirty-day period for removal. 14C C. Wright, A. Miller & E. Cooper, *Federal*

---

carrier and OPM review processes" contemplated by 5 C.F.R. § 890.105(a). A failure to exhaust would not, however, deprive this

Court of subject matter jurisdiction. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir.1999).

*Practice and Procedure* § 3733 at 357 (3d ed.1998) (footnote omitted). "Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however." *Federal Practice and Procedure,* § 3733 at 358–61 (footnote omitted); *see, e.g., Fuller v. Exxon Corp.,* 131 F.Supp.2d 1323, 1327–28 (S.D.Ala.2001).

The Petition for Removal in Civil Action No. 02–2019 (in which State Farm and Fornaro are the only parties) was filed on April 29, 2002. I cannot ascertain from any papers when the thirty-day period for removal prescribed by 28 U.S.C. § 1446(b) began. However, even as of the filing of this Report and Recommendation, Fornaro never attempted to amend the petition. Instead, Fornaro asserted a new ground for removal and *attempted* to add missing allegations only in response to my Order to Show Cause. He cannot do so. *See, e.g., Schepis v. Local Union No. 17,* 989 F.Supp. 511, 516 (S.D.N.Y.1998).

Diversity of citizenship cannot be relied on as a basis for removal in either of these consolidated civil actions.

*Other Grounds For Removal.*

■■■ Fornaro also relies on the "Entire Controversy Doctrine" for the existence of subject matter jurisdiction. "A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994)." *Rycoline Products, Inc. v. C & W Unlimited,* 109 F.3d 883, 887 (3d Cir.1997). The doctrine "seeks to assure that all aspects of a legal dispute occur in a single lawsuit." *Fornarotto v. American*

*Waterworks Co.,* 144 F.3d 276, 278 (3d Cir.1998) (*quoting Olds v. Donnelly,* 150 N.J. 424, 431, 696 A.2d 633 (1997)). Plainly, the Entire Controversy Doctrine is a rule of joinder. I am unaware of any case law, however, which even suggests that it can serve as a vehicle to establish subject matter jurisdiction.

■■■ Another argument made by Fornaro relies on 28 U.S.C. § 1442(a)(1), which permits removal to a district court of State civil actions or criminal prosecutions against federal officers. Fornaro appears to argue that the presence of OPM as a third-party defendant in Civil Action No. 02–2020 gives this Court subject matter jurisdiction. He is incorrect. First, Section 1442(a) is a removal statute that must be invoked by a federal defendant, not a private person like Fornaro. Second, Section 1442(a) is itself unavailable to OPM, since the statute does not permit federal agencies to remove. *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 79–87, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991).[7]

*Rooker–Feldman.*

■■■ The "Rooker–Feldman doctrine" is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled principle that only the United States Supreme Court, and not the lower federal courts, has jurisdiction to review a State court decision. *In re Diet Drugs Products Liability Litigation,* 282 F.3d 220, 240 (3d Cir.2002); *Parkview Assoc. P'ship v. City of Lebanon,* 225 F.3d 321, 324 (3d Cir. 2000); *E.B. v. Verniero,* 119 F.3d 1077,

---

**7.** Assuming that the United States district courts, "concurrent with the United States Court of Federal Claims," have exclusive jurisdiction over OPM pursuant to 5 U.S.C. § 8912, OPM's remedy on remand to the Su-

perior Court would be to move to dismiss the Third–Party Complaint against it, rather than to remove the entire case. *See Lewis v. Windsor Door Co.,* 926 F.2d 729, 734 n. 12 (8th Cir.1991).

1090 (3d Cir.1997). 28 U.S.C. § 1257 provides:

> (a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held by authority exercised under, the United States.

In *E.B.*, the Court of Appeals considered whether a district court had subject matter jurisdiction to hear a case that had been litigated in New Jersey State court. The plaintiff in *E.B.* challenged the registration and notification requirements under Megan's Law. 119 F.3d at 1087–88. A hearing was held in the Superior Court of New Jersey, which ruled that the classification and notification requirements were appropriate. 119 F.3d at 1088. After the plaintiff's appeals to the Appellate Division and New Jersey Supreme Court were unsuccessful, he filed a new action in this Court. *E.B v. Poritz*, 914 F.Supp. 85 (D.N.J.1996). In the federal action, the district court entered a preliminary injunction, enjoining the defendants from implementing the notification requirements. *Poritz*, 914 F.Supp. at 91. On appeal to the Court of Appeals, defendants argued that the district court did not have subject matter jurisdiction to enter the preliminary injunction based on the Rooker–Feldman

doctrine. *E.B.*, 119 F.3d at 1090. The Court of Appeals agreed:

> Section 1257 of Title 28 of the United States Code bestows upon the Supreme Court of the United States appellate jurisdiction to review final judgments of the highest courts of the respective states. The so-called Rooker–Feldman doctrine teaches that, by negative implication, the inferior federal courts lack subject matter jurisdiction to review judgments of those courts. We have interpreted the doctrine to encompass final decisions of lower state courts as well. [119 F.3d at 1090].

The Court of Appeals vacated the injunction and remanded the action to the District Court with instructions to dismiss for lack of subject matter jurisdiction. 119 F.3d at 1092.

Rooker–Feldman abstention is necessary to limit federal court review of State court decisions to the avenues provided by Congress. *Ernst v. Child and Youth Services of Chester County*, 108 F.3d 486, 491 (3d Cir.1997). "The federal court structure established by Congress intends that only the Supreme Court shall have the opportunity to decide that a state court has reached an erroneous conclusion on a federal constitutional claim." *E.B.*, 119 F.3d at 1091.

What Fornaro is attempting to do is to have this Court review the final judgment of the New Jersey Supreme Court which denied review of the February 3, 1995, order that relieved State Farm of its obligation to pay PIP benefits to him. This Court does not have subject matter jurisdiction to do so. For that reason, and regardless of any other jurisdictional basis, these consolidated civil actions should be remanded.[8]

---

**8.** The arguments made by Fornaro here against the "validity" of the final judgment of the New Jersey Supreme Court were, in large

measure, made by him before that court and the United States Supreme Court. See the certification of Fornaro submitted to New Jer-

*CONCLUSION*

For the reasons set forth above, Civil Action No. 02–2019 should be remanded to the Superior Court of New Jersey, Law Division, Morris County. Civil Action No. 02–2020 should be remanded to the Superior Court of New Jersey, Law Division, Special Civil Part, Morris County.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten days from service of this Report and Recommendation to file and serve objections.

Jun. 13, 2002.

sey Supreme Court and "Questions Presented for Review" by Fornaro to the United States Supreme Court, both of which are attached.